UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEPHEN GERARD ENNIS, | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACTION No. 20-00366-KD-MU |
| LEON BOLLING, WARDEN and STEVE MARSHALL, ATTORNEY GENERAL for the STATE of ALABAMA, | : : | |
| Respondents. | : | |

## ORDER

This action is before the Court on the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Steven Gerard Ennis (doc. 7) and the answer and defenses filed by Respondents Warden Leon Bolling and Alabama Attorney General Steve Marshall (doc. 13). Pursuant to 28 U.S.C. § 636 (b)(1)(B), and General Local Rule 72(a)(2)(R), the petition and answer were referred to the Magistrate Judge for a Report and Recommendation.

The Magistrate Judge recommends that Ennis' petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one year limitations provision found in 28 U.S.C. § 2244(d) (doc. 17). In the alternative, the Magistrate Judge recommends that the Court find that it is procedurally barred from reaching the merits of the claims raised by Ennis in his petition. (Id.) To date, Ennis has not filed an objection.

The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Thus, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and no objections having been filed, the Report and Recommendation of the Magistrate Judge made

1

under 28 U.S.C. § 636(b)(1)(B) and dated January 27, 2021, is ADOPTED as the opinion of this Court.

Additionally, even if Ennis could overcome his failure to exhaust his state remedies and procedural default (doc. 17, p. 23-29), relief would not be available. "To grant habeas relief on a claim, this Court must not only find that the constitutional claims are meritorious, but also that the state court's resolution of those claims: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Acklin v. Dunn, No. 5:18-CV-00885-LSC, 2021 WL 4477632, at *6–7 (N.D. Ala. Sept. 30, 2021) (quoting 28 U.S.C. § 2254(d)(1)-(2)) (citing Boyd v. Allen, 592 F.3d 1274, 1292 (11th Cir. 2010)).  Ennis bears the burden of showing that his claims fall within 2254(d)(1)-(2).

"A state court's decision is contrary to 'clearly established precedents [of the Supreme Court of the United States] if it applies a rule that contradicts the governing law set forth in [the Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of th[e] Court but reaches a different result.'" Acklin, 2021 WL 4477632, at *7 (quoting Brown v. Payton, 544 U.S. 133, 141 (2005) (citation omitted)) (bracketed text in original). "[T]o determine whether a state court's decision is an 'unreasonable application' of clearly established federal law, the Supreme Court has stated:

> The pivotal question is whether the state court's application of the [relevant constitutional] standard was unreasonable ... For purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law. A state court must be granted a deference and latitude that are not in operation when the case involves review under the [relevant constitutional] standard itself.

Acklin, 2021 WL 4477632, at *7 (quoting Harrington v. Richter, 562 U.S. 86, 101 (2011) (citation and quotation marks omitted) (emphasis in original). The state court's "factual determination is entitled to a presumption of correctness under § 2254(e)(1)" and "commensurate with the deference accorded to a state court's factual findings," Ennis must rebut the presumption of correctness "by clear and convincing evidence." Acklin, 2021 WL 4477632, at *7 (citation omitted).  In view thereof, Ennis has not shown that the state court's factual findings were unreasonable, or that the state court's application of the law was contrary to or involved an unreasonable application of Federal law.

    The Clerk is DIRECTED to send a copy of this Order to Ennis.

    DONE and ORDERED this 1st day of November 2021.

                                            s/ Kristi K. DuBose
                                            KRISTI K. DuBOSE
                                            UNITED STATES DISTRICT JUDGE